ROB L. PHILLIPS (SBN 175354)
Rob.phillips@fisherbroyles.com
FISHERBROYLES, LLP
145 S. Fairfax, 2nd Floor
Los Angeles, California 90036
Telephone: (949) 290-9631
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Dongguanshimaiqizhinengkejiyouxiangongsi, a Chinese company,

Plaintiff,

v.

TEXTRON INNOVATIONS, INC., a Delaware corporation and DOES 1-10, inclusive,

Defendant.

Case No.:

**COMPLAINT FOR:**

**DECLARATORY RELIEF OF NO TRADEMARK INFRINGEMENT**

Plaintiff "Dongguanshimaiqizhinengkejiyouxiangongsi" ("Plaintiff"), by and through its undersigned attorneys, file this complaint for declaratory relief against Defendant Textron Innovations, Inc. ("Defendant").

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

## NATURE OF THE ACTION

1. This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration of no trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and a declaration of abandonment.

2. There is a justiciable controversy between Plaintiff and Defendant regarding Defendant's federal trademark for EZGO as Defendant has accused Plaintiff of infringing upon Defendant's EZGO mark in a trademark infringement notice sent to Amazon. As a result of Defendant's accusation of trademark infringement to Amazon, Amazon has deactivated no less than ten (10) product Amazon Standard Identification Numbers ("ASIN") of Plaintiff thereby shutting down Plaintiff's business operations relative to sales of the EASEGO product.

3. Defendant has not infringed Defendant's federal trademark for EZGO by using the EASEGO brand for Plaintiff's manually operated golf push carts. There is no likelihood of consumer confusion between Plaintiff's use of the EASEGO mark and Defendant's use its registered EZGO Mark. Thus, Plaintiff seeks a declaratory judgment from this Court that the use of its EASGO Mark does not constitute trademark infringement under any applicable law.

4. Moreover, Defendant is not using the EZGO name for the goods identified in the certificate of registration for the EZGO Mark. Thus, Plaintiff seeks a declaratory judgment from this Court that the Defendant has abandoned the EZGO Mark and therefore the EZGO Mark should be canceled.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court over count one because this litigation arises under federal law, namely 15 U.S.C. §§ 1051 *et seq.* (Lanham Act) and 28 U.S.C.§§ 2201–2202 (Declaratory Judgment Act). Specifically, this Court has jurisdiction over count one under 28 USC §§ 1331 and 1332(a), 28 U.S.C. §1338(a).

6. This Court has personal jurisdiction over Defendant because (i) Defendant asserts trademark rights that extend to this judicial district, and indeed nationwide under its federal trademark registration; (ii) Defendant has notified Amazon that Defendant infringed its EZGO mark within this judicial district and beyond; (iii) Defendant sells products through dealers in this judicial district; and because (iv) a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.

7. Defendant, therefore, has sufficient minimum contacts with this jurisdiction, and, as such, would be expected to defend a lawsuit brought in this State. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because (i) Plaintiff does business in this judicial district; and (ii) a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

## PARTIES

8. Defendant is a Delaware company with its principal place of business at Room 406, Building 1. No. 85 Zenglu Road, Chasan Twon, Dongguan City, Guangdong Province, China 523408.

9. Defendant is a Delaware company with its principal place of business at 40 Westminster Street Providence, RI 02903.

10. Upon information and belief, Defendant is a subsidiary of Textron, Inc.

## FACTUAL BACKGROUND

### Recent History

11. Since 2024, Plaintiff has used the name EASEGO as a brand for its manually operated golf push carts. (see, Exhibit 1).

12. Upon information and belief, Defendant owns U.S. Trademark No. 2555687 for the trademark EZGO ("the EZGO Mark"). (see, Exhibit 2).

13. The Certificate of Registration for the EZGO Mark lists goods and

services in class 025 comprising "clothing and headgear items, namely, shirts, vests, sweaters, jackets and hats" and in class 028 comprising "golf tees and golf bags."

14. On or about October 21, 2026, pursuant to its in-house procedures, Amazon notified Plaintiff that Defendant alerted Amazon that Plaintiff was infringing its EZGO Mark by using the name EASEGO to sell its manually operated golf push carts on Amazon.

15. Defendant's notice to Amazon identified ten (10) unique ASINs. Each ASIN is associated with a different manually operated EASEGO golf push cart sold by Plaintiff on Amazon.

16. As a result, Amazon emailed Plaintiff a list of options available to ensure that the identified ASINs would not be deactivated by Amazon. Specifically, the email stated: "Provide one or more of the following to prevent deactivation of your listings:

-- An invoice

-- Letter of authorization from the rights owner

-- A licensing agreement from the manufacturer or rights owner demonstrating that your products are lawful.

17. As Plaintiff did not (and does not) believe its use of EASEGO infringes the EZGO Mark, the options outlined by Amazon were not appropriate or helpful.

18. On or about October 24, 2026, Amazon deactivated the identified ASINs thereby removing each of Plaintiff's EASEGO products from Amazon.

19. On or about, October 24, 2026, after the ASINs were deactivated, Amazon sent means for Plaintiff to reactivate the ASINs as follows.

"How do I reactivate my listings?

To reactivate your listing, provide one of the following:

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

Option A: Letter of authorization or licensing agreement

Provide a letter of authorization or a licensing agreement from the rights owner. The document must demonstrate that you possess the right to use the rights owner's intellectual property. The documentation submitted must meet the following criteria:

Business details:

-- Rights owner's name and address,

-- Your name and address (matching your seller account),

Authorization details:

-- Specific intellectual property being authorized,

-- Products or ASINs covered,

-- Permission scope and usage rights,

-- Start and end dates of authorization.

Option B: Invoice from an authorized distributor

Provide an invoice to show that your products are original and you bought them directly from the rights owners or from an authorized distributor and you are not infringing the intellectual property claimed by the rights owner. The documentation submitted must include the following information:

-- The supplier's name and complete address,

-- Invoices covering 90% of sales volume,

-- A date before notice submission.

If you are operating under a different name, include a "Doing Business As" document. This document must include complete supplier details and a verification method such as a website link or GTIN number. It must also include clear product identification, such as model numbers, SKUs, or manufacturer part numbers.

Note: For electronics, the identification number in the invoice must match the correct country version, either US or international, as listed.

Option C: Retraction from the rights owner

Request the rights owner to send a retraction directly to Amazon. You can find the rights owner's contact information in the listing deactivation communication that you received.

Option D: Counter-trademark registration

Submit counter-trademark registration that meets these criteria:

-- A matching region, for example, a US trademark for Amazon.com,

-- A similar trademark and product classes,

-- A valid registration status.

Option E: Legal documentation

Provide a court order rejecting infringement of the right owner's rights, a temporary restraining order, an injunction or an affidavit, or a non-infringement letter from legal counsel.“

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

20. On or about October 27, 2026, Plaintiff's counsel contacted Defendant to determine if Defendant would consider a trademark license agreement to allow Plaintiff to continue selling the EASEGO products via Amazon. Defendant refused.

21. On or about November 5, 2026, pursuant to Option E, Plaintiff submitted to Amazon a non-infringement opinion of counsel outlining why the EASEGO name does not infringe the EZGO Mark, including Defendant's abandonment of the EZGO Mark in at least class 028. Nonetheless, to date, Amazon has not reactivated any of the subject ASINs.

22. On or about November 5, 2026, Plaintiff's counsel emailed a copy of the non-infringement opinion of counsel to Defendant seeking a resolution. Defendant has not responded.

<u>Plaintiff's Brand</u>

23. Since 2024 Plaintiff has been selling manually operated golf push carts under the EASEGO. Plaintiff sells the manually operated golf push carts exclusively via Amazon. (see, Exhibit1).

<u>Defendant's EZGO Mark</u>

24. The EZGO Mark was registered on April 2, 2022 listing goods and services in class 025 comprising "clothing and headgear items, namely, shirts, vests, sweaters, jackets and hats" and in class 028 comprising "golf tees and golf bags."

25. Upon information and belief, in 2008, the EZGO Mark was renewed under Section 8 of the Trademark Act and rendered incontestable under Section 15 of the Trademark Act. To renew the EZGO Mark, Defendant filed a specimen to show use in classes 025 and 028. (see, Exhibit 3).

26. Upon information and belief, in 2012, the EZGO Mark was renewed under Sections 8 and 9 of the Trademark Act. To renew the EZGO Mark, Defendant filed a specimen to show use in classes 025 and 028. (see, Exhibit 4).

27. Upon information and belief, in 2022, the EZGO Mark was renewed

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

under Sections 8 and 9 of the Trademark Act. To renew the EZGO Mark, Defendant filed a specimen to show use in classes 025 and 028. (see, Exhibit 5).

28. Upon information and belief, Defendant has abandoned the EZGO Mark since Defendant is not selling any goods in classes 025 or 028 as identified in the certificate of registration for the EZGO Mark.

29. Upon information and belief, there have been no instances of confusion between Plaintiff's EASEGO brand and the EZGO Mark. Defendant never directly notified Plaintiff that its EASEGO brand infringes the EZGO Mark. To the contrary, Defendant notified Amazon which caused Amazon to deactivate the ten (10) ASINs related to the EASEGO products.

## COUNT I

### Declaration of No Trademark Infringement Under the Lanham Act

30. Plaintiff re-alleges paragraphs 1 through 29 as though fully set forth herein.

31. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as set forth below.

32. An actual and justiciable controversy has arisen between Plaintiff and Defendant concerning the EZGO Mark. Defendant has asserted that Plaintiff has infringed its EZGO Mark.

33. Defendant asserts in particular that the EASEGO branded golf push carts sold by Plaintiff create confusion with Defendant's goods. Defendant further asserts that consumers perceive that the EASEGO brand indicates the Defendant's goods.

34. Plaintiff denies Defendant's assertions. There is no likelihood of confusion in the minds of potential consumers as to the affiliation, connection, or association of Plaintiff with Defendant.

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

35. Plaintiff has not infringed any alleged rights in the EZGO Mark.

36. Defendant has caused Plaintiff's EASEGO products to be removed from Amazon and thereby shut down Plaintiff's business operations relative to the EASEGO products.

37. Accordingly, there is a justiciable controversy with regard to the scope of Defendant's trademark rights that will persist until adjudicated by this Court. Plaintiff seeks a declaration that its use EASEGO name does not constitute trademark infringement under the Lanham Act.

## COUNT II

### Declaration of Trademark Abandonment By Defendant

38. Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. Upon information and belief, for at least three (3) years, Defendant has not been using the EZGO Mark in class 028 with golf bags and golf tees as identified in the EZGO Mark.

40. Upon information and belief, for at least three (3) years, Defendant has not been using the EZGO in class 025 with clothing and headgear items, namely, shirts, vests, sweaters, jackets and hats as identified in the EZGO Mark.

41. Accordingly, Plaintiff seeks a declaration that Defendant has abandoned the EZGO Mark and an order cancelling the EZGO Mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. That the Court declare and adjudicate that Plaintiff's use of the EASEGO name does not constitute trademark infringement of the EZGO Mark.

B. That the Court cancel the EZGO Mark based on abandonment by Defendant.

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

C. That the Court award Plaintiff reasonable attorneys' fees and the costs of this action; and

D. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

DATED this 16th day of November 2026.

Respectfully submitted,

**FISHERBROYLES, LLP**

/s/Rob L. Phillips

ROB L. PHILLIPS, ESQ.
145 S. Fairfax, 2nd Floor
Los Angeles, CA 90036
Telephone: (949) 290-9631
*Counsel for Plaintiff*

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239